IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COLUMBIA INSURANCE GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-0101-MJR-PMF |
| | ) | |
| MANPRIT HOSPITALITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM AND ORDER</u>

Reagan, District Judge:

Three months ago, Columbia Insurance Group filed the above-captioned suit in this Court seeking a declaratory judgment against Manprit Hospitality LLC. Columbia asks this Court to declare that an insurance policy issued to Manprit provides no coverage for a claimed loss (a March 2007 fire that damaged real property at 2120 West Main Street in Belleville, Illinois), that the loss did not constitute a "business income loss" as defined by the policy in question, and that Columbia owes Manprit nothing under the policy.

The case randomly was assigned to Chief Judge David R. Herndon. It was reassigned to the undersigned on April 22, 2010 as related to a previously-filed action in this District. *See Manprit Hospitality, LLC v. Columbia Ins. Group,* Case No. 09-cv-0996-MJR-DGW, voluntarily dismissed 2/4/10. The Court's first duty is to ascertain the existence of subject matter jurisdiction, and (as is described more full below) this task ties directly into a fully-briefed motion that arrived with the case upon reassignment. For the reasons described below, the Court must deny the dismissal motion.

Columbia's complaint invokes subject matter jurisdiction under two federal statutes.   First, Columbia asserts that jurisdiction lies under the federal diversity statute – 28 U.S.C. 1332.  To buttress this assertion, Columbia disclosed its own citizenship (both incorporated and having its principal place of business in Missouri) and delineated the citizenship of each member of the Defendant limited liability corporation (all four members are Illinois citizens).   Columbia also alleged that the amount in controversy exceeded $75,000, exclusive of interest and costs.

Second, Columbia asserted that subject matter jurisdiction lies under 28 U.S.C. 2201 "as Columbia is seeking a determination of its rights and obligations under a policy of insurance that was issued to Manprit Hospitality, LLC" (Doc. 2, p. 1).

The second basis for jurisdiction is not sound.  The Declaratory Judgment Act, 28 U.S.C. 2201, allows a party "who expects to eventually be sued, to determine his rights and liabilities without waiting for his adversary, the presumptive plaintiff, to bring suit." *DeBartolo v. Healthsouth Corp.*, **569 F.3d 736, 741 (7th Cir. 2009).**  The law of this Circuit plainly holds, however, that the Declaratory Judgment Act is *not* an independent grant of subject matter jurisdiction; rather, jurisdiction depends on the nature of the anticipated or underlying claims.  *Id.*

Stated another way, the Declaratory Judgment Act empowers federal courts to issue declaratory judgments in cases of actual controversy which fall within their jurisdiction, but the Act *does not confer* subject matter jurisdiction.   Subject matter jurisdiction "must be predicated on some other statute."  *Newell Operating Co. v. Int'l*

***Union of United Automobile, Aerospace, and Agricultural Implement Workers of America*, 532 F.3d 583, 587  (7th Cir. 2008).**

Turning to the case at bar, jurisdiction lies – if at all – under the diversity statute, which requires complete diversity between the parties and an amount in controversy over $75,000, excluding interest and costs.

The record indicates, and the parties do not dispute, that complete diversity exists.  The issue is whether the amount in controversy suffices.  By dismissal motion filed March 17, 2010, Defendant Manprit contends that the amount in controversy falls short of that threshold.   Manprit maintains that its claim "as known is approximately $60,000, exclusive of attorney's fees and costs based on damages for breach of contract and vexatious refusal" (Doc. 6, p. 1).

Plaintiff Columbia vehemently challenges this contention, based on the fact that Manprit's state court pleadings reveal that Manprit seeks $991,875.00 from Columbia under the insurance policy.  The best the Court can glean, this total is comprised of $700,000 in lost profits, $231,875 in business interruption, and $60,000 in penalties for vexatious refusal  (Doc. 13, p. 1).

The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins or the case is removed.  ***Oshana v. Coca-Cola*, 472 F.3d 506, 510-11 (7th Cir. 2006),** *cert. denied*, **551 U.S. 1115 (2007).**  The party invoking federal jurisdiction bears the burden of demonstrating that the requirements for diversity are met**.  *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).**

If the jurisdictional threshold is not contested, the district court generally "will accept the plaintiff's good faith allegation of the amount in controversy unless it 'appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *McMillian v. Sheraton Chicago Hotel & Towers*, **567 F.3d 839, 844 (7th Cir. 2009),** *citing Rexford Rand Corp. v. Ancel*, **58 F.3d 1215, 1218 (7th Cir. 1995), and** *St. Paul Mercury Indem. Co. v. Red Cab Co.*, **303 U.S. 283, 289 (1938).**

However, if the defendant *challenges* the plaintiff's allegation of amount in controversy, "the plaintiff must support its assertion with competent proof," which means the plaintiff must prove the jurisdictional facts by a preponderance of the evidence. *McMillian*, **567 F.3d at 844,** *citing Meridian Sec. Ins. Co. v. Sadowski*, **441 F.3d 536, 543 (7th Cir. 2006).** To satisfy this burden, a party must do more than "point to the theoretical availability of certain categories of damages." *Id., citing Am. Bankers Life Assur. of Florida v. Evans*, **319 F.3d 907, 909 (7th Cir. 2003).**

In a declaratory judgment action, the parties are often *reversed*, i.e., the would-be defendant is the declaratory judgment plaintiff.  But this does not change the fact that the proponent of federal court jurisdiction (the party who "chose" the federal forum) must prove any contested factual allegation by a preponderance of evidence.  *See Meridian*, **441 F.3d at 543.**  On the record currently before the Court, Columbia has done so, supporting its assertion that the amount in controversy exceeds $75,000 with a preponderance of the evidence.

The state court pleadings (part of the record in the prior federal case, *see*

Doc. 2-1 in 09-cv-0996-MJR, and furnished as exhibits to Columbia's April 15, 2010 brief in the above-captioned action, *see* Doc. 13-1), indicate that Manprit seeks well in excess of the amount in controversy in this action.

The parties have referenced an affidavit supposedly supplied by Manprit and provided with the March 17, 2010 dismissal motion (Doc. 6), but that motion (as filed in the Court's cm/ecf system) contains no attachment and consists only of one page of argument followed by a page with the signature block and certificate of service. Nor can the Court find the affidavit anywhere else in the record before it.[1] The record does contain a letter tendering an August 2008 settlement demand by Manprit in the amount of $231,875.85 (*see* Doc. 12-1; p. 7).

Columbia has shouldered its burden of proof as the amount in controversy. Therefore, the Court **DENIES** Manprit's March 17, 2010 motion to dismiss for lack of subject matter jurisdiction (Doc. 6).

When this case was assigned to him, Chief Judge Herndon tracked it and gave it a presumptive trial *month*. The undersigned Judge sets firm trial *dates* as opposed to presumptive months, though.

Accordingly, **jury trial shall commence at 9:00 am on Monday, July 18, 2011.**

---

[1]    Manprit filed a reply brief in support of its dismissal motion on April 20, 2010 (Doc. 15). But when that was stricken April 21st with a notation that "Document must be re-filed" (Doc. 16), Manprit never followed up, re-filed the reply brief or sought extra time in which to do so. This left the Court without explanation or support for Manprit's low estimate of the amount in controversy.

A **final pretrial conference will be held at 11:00 am on Friday, July 8, 2011.**

       IT IS SO ORDERED.

       DATED May 5, 2010.


                  s/ Michael J. Reagan      
                  Michael J. Reagan
                  United States District Judge